ON PETITION FOR REHEARING
SULLIVAN, Justice,
for the Court:
In its Petition for Rehearing, Peoples Bank argues that it has a perfected security interest in the $180,000 remainder of the $280,000 Crosby Cable note which is prior in time to Mrs. Crosby’s security interest.
It bases this argument on the fact that the Bank was assigned the remainder of this note on May 17, 1982, and gave notice in writing thereof to Mrs. Crosby’s attorney on June 16, which was received by him on June 17, 1982, and Mr. Crosby did not actually assign the remaining balance of this note until June 28, 1982.
Unfortunately for the Bank, this ignores the property settlement agreement executed between Mr. and Mrs. Crosby on June 9, 1982.
*957 On June 9, 1982, Mrs. Crosby, through her attorney, had the physical possession of the $280,000 note, and a perfected security interest therein for $100,000. The property settlement agreement obligated .Mr. Crosby absolutely to convey his entire interest in this note; the note was adequately described in the agreement; value had been given, and Mr. Crosby had property rights in the note he was obligating himself to assign.
The controlling date of the notice to Mrs. Crosby, in order to have given the Bank any claim to priority, would have been some date prior to June 9, the date of the property settlement agreement, not June 28,1982, the date of the actual assignment and transfer of all of Mr. Crosby’s interest in the note to Mrs. Crosby.
Mrs. Crosby testified at trial, and it is not disputed, that she had no actual notice or knowledge of any claim of the Bank in the remainder of this note when she executed the property settlement agreement on June 9.
The Petition for Rehearing is Denied.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON and ANDERSON, JJ., concur.